TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-08-00796-CR







In re Harold Arthur White







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 51240, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



In October 2001, Harold Arthur White was convicted of attempted sexual assault and
sentenced as a habitual offender to sixty-five years' imprisonment. The conviction was affirmed on
appeal. White v. State, No. 03-01-00616-CR, 2002 Tex. App. LEXIS 5738 (Tex. App.--Austin
Aug. 8, 2002, pet. ref'd). White now appeals the district court's order dismissing, and thus denying,
his second and third pro se motions for post-conviction DNA testing. (1) See Tex. Code Crim. Proc.
Ann. arts. 64.01-.05 (West 2006 & Supp. 2008). The motions, which were consolidated for
consideration by the trial court, were denied in a written order signed October 21, 2008. We affirm
the order.

Glenn Sinclair testified that on the night of July 8, 2000, he was driving in a rural area
near Stillhouse Hollow Lake when he encountered some "kids" in a pickup who told him that "a guy
down there is chasing a naked woman." Sinclair continued on and, when he got "down there," a
naked, hysterical woman ran up to his pickup. This woman told Sinclair that a man was chasing her
and that he had beaten her and tried to rape her. As the woman spoke to him, a man wearing only
his pants emerged from the trees and told Sinclair to leave. The man seized the complainant and
took her to a car parked nearby. Sinclair testified that both the man and the woman appeared to be
intoxicated.

Two sheriff's deputies were dispatched to the scene in response to Sinclair's call. 
They found the complaining witness, naked, standing beside a car. White got out of the car,
fastening his pants. When the officers identified themselves, White ran. Clothing and personal
items belonging to White and the complainant were in and around the car.

The complainant testified that she and White were co-workers, had known each other
for about a year, and had engaged in consensual sexual intercourse on a previous occasion. She
testified that on the night in question, she refused White's sexual advance. According to the
complainant, White became angry and began to hit her. She testified that she suffered a bloody nose
and that she used a shirt to stop the bleeding. She said this shirt "had blood all over it."

In his testing motions, White sought to have DNA testing performed on a white shirt
introduced in evidence as State's exhibit 8. The testimony reflects that this shirt was found at the
scene of the alleged attack, and that the complainant covered herself with the shirt after the deputies
arrived. The complainant testified that this was not the shirt on which she bled. That shirt,
apparently, was not recovered. One of the deputies agreed that if the complainant had been bleeding,
it was possible that she would have gotten blood on exhibit 8. The deputy testified that he saw a
stain on the shirt that could be blood, but there was no scientific evidence confirming this. White
now claims that the stain was motor oil.

The trial court denied the testing motions on two grounds. First, the court concluded
that the motions were procedurally deficient. This is correct, as neither motion was supported by an
affidavit. See id. art. 64.01(a). Second, the court concluded that there was no issue of identity in the
case. See id. art. 64.03(a)(1)(B). This, too, is correct. White does not deny being with the
complainant on the night in question. Instead, White claims that he did not assault the complainant. 
White argues that he is entitled to DNA testing in order to impeach the complainant's credibility
with respect to the claimed attack.

White argues that if testing shows that there is no blood on the shirt, this would
demonstrate that the complainant was lying about being attacked. But the record reflects that the
deputies testified that they found no blood at the scene. The nurse who examined the complainant
after the alleged attack also testified that she saw no blood. Assuming that testing confirmed the
absence of blood on exhibit 8, this would not exculpate White, but would merely be one additional
impeaching factor. White has not shown by a preponderance of the evidence that he would not have
been prosecuted or convicted if there had been scientific evidence confirming the absence of blood
on the shirt. See id. art. 64.03(a)(2)(A).


The district court's order is affirmed.



 _________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: October 15, 2009

Do Not Publish 
1. White's first motion for DNA testing was denied on January 26, 2004. There was no appeal.